IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: CONDEMNATION BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, OF RIGHT-OF-WAY FOR STATE ROUTE 0022, SECTION 034, IN THE TOWNSHIP OF FRANKSTOWN | ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-57<br><br>JUDGE KIM R. GIBSON |
|---|---|---|

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction ("Motion") filed by the Commonwealth of Pennsylvania ("Commonwealth") (ECF No. 8). The Motion has been fully briefed (*see* ECF Nos. 9, 11, 17) and is ripe for disposition. For the reasons stated below, the Court will **GRANT** the Commonwealth's Motion.

### II. Background

Defendant Stewart Merritts ("Merritts") owns two parcels of land in Frankstown Township, Pennsylvania, totaling 1.5 acres. (ECF No. 3 at 3-4.) In February 2016, the Pennsylvania Department of Transportation ("PennDOT") informed Merritts that it had determined that it would need to acquire a small portion of his land for a highway improvement project. (ECF No. 3-1 at 2.) PennDOT subsequently offered Merritts $500.00 to purchase a right-of-way to the land required for the improvement project, which included a nearly 3,000 square foot temporary construction easement and a 1,150 square

foot drainage easement. (ECF No. 3-1 at 1.) Merritts rejected PennDOT's offer, and made a counter offer which PennDOT declined. (ECF No. 3 at 3.)

PennDOT filed a Declaration of Taking in the Court of Common Pleas of Blair County, Pennsylvania. Merritts filed Preliminary Objections. (*Id.* at 4.) PennDOT responded by filing a Motion to Dismiss Merritts' Preliminary Objections and a Motion for Writ of Possession. (*Id.*) The Court of Common Pleas held oral argument. (*Id.*) The Court of Common Pleas then issued an opinion which denied and dismissed Merritts' Preliminary Objections, granted PennDOT's motions, and awarded PennDOT possession of Merritts' property. (*Id.* at 5.)

Merritts appealed. (*Id.*) The Commonwealth Court received briefs and heard oral argument from both parties. (*Id.*) On February 26, 2018, the Commonwealth Court affirmed the decision of the Blair County Court of Common Pleas. (*Id.*)

On March 26, 2018—exactly thirty days after the Commonwealth Court's decision—Merritts filed a notice of removal. (ECF No. 1.) The Commonwealth did not challenge the removal, or even enter an appearance in the case.

On July 13, 2018, Merritts filed a Petition to Stay Construction (ECF No. 5), which the Court interprets as a Motion for a Preliminary Injunction. After the Court informed the parties that it wished to schedule a status conference on the Motion for a Preliminary Injunction, counsel for the Commonwealth entered their appearances. (ECF at 6, 7) and filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 8) and an accompanying brief (ECF No. 9).

The Court held a status conference on the Motion for a Preliminary Injunction on July 25, 2018. (ECF No. 12.) Counsel for both parties agreed that the Court should resolve the jurisdictional issue raised in the Commonwealth's Motion to Dismiss before deciding Merritts' Motion for a Preliminary Injunction. (*See id.*)

The Commonwealth argues that the Court should dismiss Merritts' removal action for several reasons. First, the Commonwealth contends that the Court should dismiss Merritts' case because Merritts improperly removed it long after the 30-day statutory removal period expired. (ECF No. 9 at 6.) The Commonwealth also contends that the *Rooker-Feldman* doctrine precludes the Court from possessing subject-matter jurisdiction over Merritts' case. (*Id.* at 9.) The Commonwealth further asserts that the Court should abstain under *Burford* and thus lacks subject-matter jurisdiction.[1] The Court will address these arguments in turn.[2]

III. Discussion

    A.    **The Commonwealth Waived Any Objection to the Untimeliness of Merritts' Removal by Failing to Object to Removal Within 30 Days**

Pursuant to 28 U.S.C. § 1446, a defendant may remove an action to federal court within 30 days of the defendant's receipt of a copy of the initial pleading or summons. 28 U.S.C. § 1446. Under 28 U.S.C. § 1447, plaintiff may file a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447; *see, e.g., Perea v. Benjamin H. Realty Corp.*, No. CV 16-770 (KM), 2016 WL 5858654, at *2 (D.N.J. Oct. 4, 2016) (holding

---

[1] PennDot argued this point at oral argument, but did not address it in its brief.
[2] PennDot advances other arguments for dismissal which the Court need not address here.

that "a motion to remand based on a defect in the removal procedure must be brought timely, or the objection is waived."); *Alston v. Local 734 Pension Fund*, No. CIV.A. 09-4273 (PGS), 2010 WL 3078697, at *2 (D.N.J. July 15, 2010) (stating that "[o]nce the thirty-day notice period has expired, the right to remand a case due to a procedural defect is waived and a district court is statutorily limited in its power to remand the case."); *Banks v. U.S. Marshals Serv.*, No. 2:15CV127, 2015 WL 6736816, at *2 (W.D. Pa. Nov. 3, 2015) (holding that plaintiff waived objection to removal based on procedural defect by failing to bring said challenge within thirty days of notice of removal).

The Commonwealth waived its ability to challenge Merritts' removal based on a procedural defect. Merritts filed his notice of removal on March 26, 2018. (ECF No. 1.) The Commonwealth did not file its Motion to Dismiss until July 19, 2018 (ECF No. 8), several months after the 30-day period expired. Therefore, The Commonwealth waived its ability to challenge Merritts' removal on non-jurisdictional grounds.

The Commonwealth correctly observes that Merritts filed his notice of removal *extremely* late—approximately nineteen months after PennDOT initiated this proceeding, and eighteen months after the statutory period to remove under 28 U.S.C. § 1446. But a "[d]efendant's lateness is quintessentially the sort of removal 'defect' that must be raised by plaintiff within 30 days of removal, or it is waived." *Perea v. Benjamin H. Realty Corp.*, No. CV 16-770 (KM), 2016 WL 5858654, at *3 (D.N.J. Oct. 4, 2016) (citing *Farina v. Nokia Inc.*, 625 F.3d 97, 113-14 (3d Cir. 2010)). Accordingly, the Court rejects the Commonwealth's argument that Merritts' failure to remove within the 30-day period

provided by 28 U.S.C. § 1446 excuses its failure to object to removal within the 30-day period required by 28 U.S.C. § 1447.

While the Commonwealth waived its right to challenge procedural defects in Merritts' removal, the Court maintains the ability—and, in fact, the obligation—to remand the case if, at any time before final judgment, the Court determines that it lacks subject-matter jurisdiction. 28 U.S.C. § 1447; *see Jenkins v. United Steel Workers of Am.*, 522 F. Supp. 80, 83 (E.D. Pa. 1981) (citing *Medlin v. Boeing Vertol Co.*, 620 F.2d 957 (3d Cir. 1980)) (holding that a "plaintiff's failure to challenge removal cannot confer jurisdiction on this Court which it does not otherwise possess."); *Hartt v. Flagship Credit Corp.*, No. 10-822, 2010 WL 2736959, at *1 (E.D. Pa. July 8, 2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)) ("It is the responsibility of the court to inquire, *sua sponte*, into subject matter jurisdiction even when removal is not challenged.")

"[I]t is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand." *Raible v. Union Sec. Ins. Co.*, No. 2:14-CV-1307, 2015 WL 746213, at *2 (W.D. Pa. Feb. 20, 2015) (citing *Miller v. Liberty Mut. Grp.*, 97 F. Supp. 2d 672, 674 (W.D. Pa. 2000)).

As explained below, the Court holds that Merritts failed to satisfy his burden to establish the existence of federal subject-matter jurisdiction. Accordingly, the Court will remand the case to state court.

### B. The Court Will Grant the Commonwealth's Motion Because the Court Does Not Have Subject-Matter Jurisdiction Under the *Rooker-Feldman* Doctrine

The Commonwealth argues that the Court must dismiss this action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Court agrees.

The *Rooker-Feldman* doctrine stands for "the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 164 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Third Circuit has held that four requirements must be satisfied for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Schatten v. Weichert Realtors, Inc.*, 406 F. App'x 589, 591 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co.*, 615 F.3d at 169).

"[T]he *Rooker-Feldman* Doctrine 'is a narrow doctrine that applies only in limited circumstances." *Shibles v. Bank of Am., N.A.*, No. 17-2386, 2018 WL 1448670, at *2 (3d Cir. Mar. 23, 2018) (internal quotation marks omitted) (quoting *Great W. Mining & Mineral Co.*,

615 F.3d at 169). As the Third Circuit has explained, "'when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court[.]'" *Shibles*, 2018 WL 1448670, at *2 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 167.). Accordingly, for the Court to determine that *Rooker-Feldman* precludes Merritts from removing his case to federal court, the Court "must determine that the injury alleged was 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Shibles*, 2018 WL 1448670, at *2 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 167.).

The Court holds that the *Rooker-Feldman* doctrine bars Merritts' claims. The first element is satisfied because Merritts lost the condemnation proceeding in state court. *Schatten*, 406 F. App'x at 591. The second element is satisfied because Merritts complains that the state court judgment—namely, the decision to grant PennDot's Motion for Writ of Possession, which allowed PennDOT to condemn his property through eminent domain—produced his injury.[3] *Id.* The third element is satisfied because Merritts removed his case to this Court after judgment was rendered against him in the state tribunals. *Id.* And the fourth element is satisfied because Merritts asks this Court to exercise appellate jurisdiction over the Commonwealth Court, *id.*; Merritts argues that the Commonwealth

---

[3] Merritts argues that "[f]or the Commonwealth Court of Pennsylvania to rule as it did, would confer the power of eminent domain without the element of sovereign title on the part of Pennsylvania, without the due process of law and just compensation, which is required as a matter of both federal and state constitutional law." (ECF No. 3 at 11.) As this passage indicates, Merrits contends that the state court's judgment condemning his property caused his injury. Accordingly, Merritts does not allege that the state court judgment ratified, acquiesced in, or failed to punish a prior harm caused by PennDot. *See Shibles*, 2018 WL 1448670, at *2.

Court's decision violates the Fourteenth Amendment's due process clause and requests that this Court overturn the Commonwealth Court's decision. (*See* ECF No. 3 at 11.)

Because Merritts satisfied all four elements that the Third Circuit has articulated for the *Rooker-Feldman* doctrine to apply, the Court finds that the *Rooker-Feldman* doctrine precludes Merritts' claim. Therefore, the Court holds that it lacks subject-matter jurisdiction and must dismiss the case. *See Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008) (affirming district court's dismissal for lack of subject-matter jurisdiction when district court dismissed claim pursuant to the *Rooker-Feldman* doctrine).

### C. Alternatively, the Court Must Dismiss Merritts' Action Because the Court Will Abstain Under *Burford*

Federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821); *Hamilton v. Bromley*, 862 F.3d 329, 331 (3d Cir. 2017). Accordingly, if jurisdiction exists, federal courts have a "virtually unflagging obligation" to exercise it. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (citation omitted); *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014).

"There are, however, narrow exceptions to this general rule. These exceptions fall under the so-called abstention doctrine." *Wells Fargo Bank, N.A. v. Carnell*, No. 3:16-CV-130, 2017 WL 1498087, at *3 (W.D. Pa. Apr. 25, 2017) (Gibson, J.) "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (quoting *Kentucky West Virginia*

*Gas Co. v. Pennsylvania Publ. Util. Comm'n*, 791 F.2d 1111, 1114 (3d Cir. 1986)) (internal quotation marks omitted). "The [abstention] doctrine is rooted in concerns for the maintenance of the federal system." *Hi Tech Trans, LLC*, 382 F.3d at 303.

The Supreme Court has articulated four types of abstention: *Pullman* abstention, *see R.R. Comm'n of Texas v. Pullman*, 312 U.S. 496, 500 (1941); *Burford* abstention, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Colorado River* abstention, *see Colorado River Water Conservation Dist.*, 424 U.S. 800; and *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971). PennDOT asks this Court to abstain under *Burford* and dismiss Merritts' action for lack of subject-matter jurisdiction.

"The purpose of *Burford* [abstention] is to avoid federal intrusion into matters of local concern and which are within the special competence of local courts.'" *Baykeeper v. NL Indus., Inc.*, 660 F.3d 686, 693 (3d Cir. 2011) (quoting *Hi Tech Trans, LLC*, 382 F.3d at 303-04). Under *Burford*, "a district court may decline to exercise or postpone jurisdiction, even diversity jurisdiction, 'where a difficult question of state law is presented which involves important state policies or administrative concerns.'" *Rucci v. Cranberry Twp.*, Pa., 130 F. App'x 572, 577 (3d Cir. 2005) (quoting *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982)). The Supreme Court has explained that, under *Burford*,

> When timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 814).

Eminent domain is a "distinctly state-law matter." *Rucci*, 130 F. App'x at 577 (citing *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28-29 (1959)). "[S]ignificant state policies and administrative concerns underl[ie] a state's eminent domain proceedings." *Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 652 (E.D. Pa. 2001). Accordingly, "*Burford* abstention is usually applied to . . . state eminent domain procedures." *Rucci*, 130 F. App'x at 578 (quoting *Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993)).

The Third Circuit has affirmed a district court's decision to apply *Burford* and abstain from a challenge to Pennsylvania's eminent domain proceedings. *See Rucci*, 130 F. App'x at 577 (quoting *Coles*, 145 F. Supp. 2d at 652) (holding that "[t]he Pennsylvania Eminent Domain Code supplies 'a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages . . . [and] fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review.")

The Court will abstain under *Burford*. Pennsylvania has a strong interest in establishing and administering a coherent and uniform policy regarding eminent domain, an inherently local matter of substantial public concern. *See Rucci*, 130 F. App'x at 577; *Coles*, 145 F. Supp. 2d at 652. Accordingly, like the district court in *Coles*, the Court will "exercise [its] discretion and abstain under *Burford* to avoid disrupting the efforts of the

Commonwealth of Pennsylvania 'to establish a coherent policy with respect to a matter of substantial public concern.'" *Coles*, 145 F. Supp. 2d at 652 (internal citations omitted). Therefore, the Court will dismiss Merritts' action for lack of subject-matter jurisdiction based on application of *Burford* abstention.

> **D. Alternatively, the Court Will Grant the Commonwealth's Motion Because Merritts Failed to Satisfy His Burden to Establish Subject-Matter Jurisdiction Under the Well-Pleaded Complaint Rule**

Removal is proper on the basis of federal question jurisdiction "only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "It is not enough that a federal question is or may be raised as a defense. '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605 F. Supp. 2d 624, 630 (D.N.J. 2009) (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002)).

Merritts claims that the Court has federal question subject-matter jurisdiction over his removal action because he objects to the PennDOT's condemnation under the Due Process Clause of the Fourteenth Amendment. (ECF No. 3 at 2.) But the federal question appears only in Merritts' defense to PennDOT's condemnation suit, not on the face of PennDOT's complaint that Merritts removed. Accordingly, Merritts failed to sustain his burden to establish that the Court possesses subject-matter jurisdiction over his removal action.

### E. Conclusion

For the reasons stated above, the Court holds that it lacks subject-matter jurisdiction over this case. Accordingly, the Court will remand the case to state court.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONDEMNATION BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, OF RIGHT-OF-WAY FOR STATE ROUTE 0022, SECTION 034, IN THE TOWNSHIP OF FRANKSTOWN | ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-57<br><br><br><br><br><br>JUDGE KIM R. GIBSON |

### ORDER

AND NOW, this 28th day of August, 2018, upon consideration of the Motion to Dismiss filed by the Commonwealth (ECF No. 8), and in accordance with the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. The Court **HEREBY REMANDS** the case to state court.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE