IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CONDEMNATION BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, OF RIGHT-OF-WAY FOR STATE ROUTE 0022, SECTION 034, IN THE TOWNSHIP OF FRANKSTOWN | Case No. 3:18-cv-57 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is the Motion for Reconsideration ("Motion") (ECF No. 23) filed by Condemnee Stewart Merritts, Jr. Merritts filed a brief in support of his Motion. (ECF No. 24.) PennDOT did not respond to Merritts's Motion. For the reasons stated below, the Court will **DENY** the Motion.

### II. Background

Merritts owns two parcels of land in Frankstown Township, Pennsylvania, totaling 1.5 acres. (ECF No. 3 at 3-4.) In February 2016, the Pennsylvania Department of Transportation ("PennDOT") informed Merritts that it would need to acquire a small portion of his land for a highway improvement project. (ECF No. 3-1 at 2.) PennDOT subsequently offered Merritts $500.00 to purchase a right-of-way to the land, which included a nearly 3,000 square foot temporary construction easement and a 1,150 square foot drainage easement. (*Id.* at 1.) Merritts rejected PennDOT's offer, and made a counter offer which PennDOT declined. (ECF No. 3 at 3.)

PennDOT filed a Declaration of Taking in the Court of Common Pleas of Blair County, Pennsylvania. (*Id.* at 4.) Merritts filed Preliminary Objections asserting, *inter alia*, that PennDOT did not have the authority to condemn his property, that the taking was unconstitutional because it benefitted a private enterprise, and that the taking was excessive. (*See* ECF No. 3-3 at 3-3 at 3.)

PennDOT responded by filing a Motion to Dismiss Merritts's Preliminary Objections and a Motion for Writ of Possession. (*Id.*) The Court of Common Pleas held oral argument. (*Id.*) The Court of Common Pleas then issued an opinion which denied and dismissed Merritts's Preliminary Objections, granted PennDOT's Motion to Dismiss and Motion for Writ of Possession, and awarded PennDOT possession of Merritts's property. (*Id.* at 5.)

Merritts appealed. (*Id.*) The Commonwealth Court received briefs and heard oral argument from both parties. (*Id.*) On February 26, 2018, the Commonwealth Court affirmed the decision of the Blair County Court of Common Pleas. (*Id.*)

On March 26, 2018—exactly thirty days after the Commonwealth Court's decision—Merritts filed a notice of removal. (ECF No. 1.) PennDOT did not challenge the removal, or even enter an initial appearance in the case.

On July 13, 2018, Merritts filed a Petition to Stay Construction (ECF No. 5), which the Court interpreted as a Motion for a Preliminary Injunction. The Court held a status conference on the Motion for a Preliminary Injunction on July 25, 2018. (ECF No. 12.) Counsel for both parties agreed that the Court should resolve the jurisdictional issue

-2-

raised in PennDOT's Motion to Dismiss before deciding Merritts's Motion for a Preliminary Injunction. (*See id.*)

PennDOT argued that the Court should dismiss Merritts's removal action for several reasons. First, PennDOT contended that Merritts improperly removed his case long after the 30-day statutory removal period expired. (ECF No. 9 at 6.) Second, PennDOT argued that the *Rooker-Feldman* Doctrine precludes the Court from possessing subject-matter jurisdiction over Merritts's case. (*Id.* at 9.) Finally, PennDOT further asserted that the Court should abstain from hearing Merritts's case under *Burford*. *See generally Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

On August 28, 2018, the Court entered a Memorandum Opinion and Order granting PennDOT's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 18.) The Court held that (1) PennDOT waived any objection to the untimeliness of Merritts's removal by failing to object to removal within 30 days, (2) the Court lacked subject-matter jurisdiction under the *Rooker-Feldman* Doctrine, (3) the Court should abstain from hearing the case under *Burford*, and (4) Merritts did not establish subject-matter jurisdiction under the well-pleaded complaint rule. (*See id.*) Accordingly, the Court remanded the case to state court. (*Id.* at 12.)

Merritts filed the instant Motion (ECF No. 23) and brief in support (ECF No. 24) on September 27, 2018. Merritts argues that the Court erred in remanding the case to state court because there is subject-matter jurisdiction based on diversity of citizenship. (*Id.* at 1.) Merritts specifically argues that: (1) the Court improperly applied the *Rooker-Feldman* Doctrine, (2) the Court improperly applied *Burford* using non-precedential case law, (3)

-3-

Merritts should be held to a less stringent pleading standard because he was a pro se litigant when this case began, and (4) removal was proper because Plaintiff PennDOT invoked federal jurisdiction. (*See* ECF No. 24.) The Court will address each of these arguments in turn.

### III. Legal Standard on Motions for Reconsideration

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Phila.*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to

-4-

relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

## IV. Discussion

### A. The Court Lacks Subject-Matter Jurisdiction Under the *Rooker-Feldman* Doctrine

In its Memorandum Opinion entered on August 28, 2018, the Court found that it lacks subject-matter jurisdiction to hear this case under the *Rooker-Feldman* Doctrine. (*See* ECF No. 18 at 6-8.) Merritts argues that the Court erred in applying *Rooker-Feldman*.

The *Rooker-Feldman* Doctrine stands for "the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 164 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

"[A] claim is barred by *Rooker-Feldman* in two circumstances: first, if the federal claim was 'actually litigated' in state court prior to the filing of the federal action or, second, if the federal claim is 'inextricably intertwined with the state adjudication.'"

*Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) (quoting *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)).

The Third Circuit has broken down the *Rooker-Feldman* into four elements that must be met for the doctrine to apply in either of the circumstances mentioned above. For *Rooker-Feldman* to apply, the Court must find the following: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Schatten v. Weichert Realtors, Inc.*, 406 F. App'x 589, 591 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co.*, 615 F.3d at 169).

The Third Circuit has explained that "the *Rooker-Feldman* Doctrine is a narrow doctrine that applies only in limited circumstances." *Shibles v. Bank of Am., N.A.*, No. 17-2386, 2018 WL 1448670, at *2 (3d Cir. Mar. 23, 2018) (internal quotation marks omitted) (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 169). "[W]hen the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court[.]" *Shibles*, 2018 WL 1448670, at *2 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 167.). Accordingly, for the Court to determine that *Rooker-Feldman* precludes Merritts from removing his case to federal court, the Court "must determine that the injury alleged was 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Shibles*, 2018 WL 1448670, at *2 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 167.).

In its Memorandum Order entered on August 28, 2018, the Court held that it lacks subject-matter jurisdiction over Merritts's claims because the *Rooker-Feldman* Doctrine applies. The Court held that all four elements of *Rooker-Feldman* were satisfied. The first element of *Rooker-Feldman* was satisfied because Merritts lost the condemnation proceeding in state court. *Schatten*, 406 F. App'x at 591. The second element was satisfied because Merritts complains that the state court judgment—namely, the decision to grant PennDOT's Motion for Writ of Possession, which allowed PennDOT to condemn his property through eminent domain—produced his injury.[1] *Id.* The third element was satisfied because Merritts removed his case to this Court after judgment was rendered against him in the state tribunals. *Id.* And the fourth element was satisfied because Merritts asks this Court to exercise appellate jurisdiction over the Commonwealth Court by arguing that the Commonwealth Court's decision violates the Fourteenth Amendment's due-process clause and requesting that this Court overturn the Commonwealth Court's decision. (*See* ECF No. 3 at 11.)

In his Motion for Reconsideration, Merritts argues that the *Rooker-Feldman* Doctrine does not apply here because (1) his federal claims were never "actually litigated" in the state court, (2) the state court never issued a final judgment, (3) Merritts seeks

---

[1] Merritts argues that "[f]or the Commonwealth Court of Pennsylvania to rule as it did, would confer the power of eminent domain without the element of sovereign title on the part of Pennsylvania, without the due process of law and just compensation, which is required as a matter of both federal and state constitutional law." (ECF No. 3 at 11.) As this passage indicates, Merrits contends that the state court's judgment condemning his property caused his injury. Accordingly, Merritts does not allege that the state-court judgment ratified, acquiesced in, or failed to punish a prior harm caused by PennDOT. *See Shibles*, 2018 WL 1448670, at *2.

prospective relief, and (4) "Merritts's land was granted by previous foreign nations." (ECF No. 24 at 3-7.)

First, Merritts argues that *Rooker-Feldman* does not apply because his claims were never actually litigated in the state court. For a claim to be "actually litigated" for purposes of the *Rooker-Feldman* Doctrine, the claim must have been raised in prior litigation or be so "inextricably intertwined" with the other claims in the case that it should have been litigated in the state-court proceeding. *ITT Corp. v. Intelnet Int'l*, 366 F.3d 205, 210-11 (3d Cir. 2004) (citing *Ivy Club v. Edwards*, 943 F.2d 270, 294 (3d Cir. 1991)).

Here, Merritts seems to argue that his Preliminary Objections to PennDOT's Motion for Writ of Possession were not actually litigated in the state court. But the record clearly shows the opposite. The Blair County Court of Common Pleas held oral argument on PennDOT's Motion for Writ of Possession and Merritts's Preliminary Objections, ordered the parties to submit briefs on the issue, and then held an evidentiary hearing. (ECF No. 3 at 4-5.)

Nonetheless, Merritts argues that his "federal claims were never actually litigated in state court prior to the filing of the federal action." (ECF No. 24 at 4.) While unclear from his brief, the Court presumes that Merritts refers to his argument that the Commonwealth Court's decision violates the Fourteenth Amendment, which is an issue that he raises for the first time in federal court. However, the Third Circuit does not allow a party who lost in state court to raise new constitutional issues for the first time in a federal district court. The Third Circuit held that "a plaintiff cannot ordinarily litigate one constitutional claim in state court and then raise a related constitutional claim in the

-8-

district court." *Walker*, 385 F.3d at 329-30 (citing *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992)). "[Plaintiffs] cannot be allowed to escape *Rooker-Feldman* by raising a new constitutional theory in federal court. Under principles of claim preclusion, they had a full and fair opportunity to litigate their . . . claim in the state court, and here they merely seek a second bite at the apple." *Id.* (citing *Valenti*, 962 F.2d at 296). The Court finds that the Third Circuit's decisions in *Walker* and *Valenti* are directly on point here. Accordingly, *Rooker-Feldman* prevents the court from exercising subject-matter jurisdiction over Merritts's Fourteenth-Amendment claim, even though it was not raised in state court.

Second, Merritts argues that the state court did not issue a final judgment on his claims.[2] A final judgment is "[a] Court's final determination of the rights and obligations of the parties in a case." *Judgment*, BLACK'S LAW DICTIONARY (10th ed. 2014) (citing FED. R. CIV. P. 54); *see also Waldorf v. Shuta*, 142 F.3d 601, 611 (3d Cir. 1998) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956) ("A final judgment is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'")).

Here, the state court did render a final judgment—the Court of Common Pleas of Blair County granted PennDOT's Motion for Writ of Possession on February 8, 2018. This constituted a final judgment because it entirely resolved the eminent-domain issue and permitted PennDOT to condemn parts of Merritts's property. (*See* ECF No. 3-3.)

---

[2] Merritts cites a Pennsylvania statute, 42 PA. CONS. STAT. § 9545(b)(3), and case, *Commonwealth v. Miller*, 102 A.3d 988, 933 (Pa. 2014), for the proposition that the *Rooker-Feldman* Doctrine only applies to final decisions of the highest state court, which in this case would be the Supreme Court of Pennsylvania. (ECF No. 24 at 4.) However, as his brief discloses, this argument is obviously meritless. In the same section of his brief, Merritts admits that "the *Rooker-Felman* Doctrine has been applied to *final* decisions of lower state courts." (*Id.*) *See, e.g., N.V. Siravo v. Countrywide Home Loan*, 349 Fed. App'x 766, 767-68 (3d Cir. 2009) (applying *Rooker-Feldman* to a federal court case brought by a plaintiff who lost in the Court of Common Pleas).

Moreover, Pennsylvania law clearly establishes that a decision on a writ of possession is a final judgment. *See* PA. R. CIV. P. 3160 ("A judgment for possession shall be enforced by a writ of possession."); *see also* 22 STANDARD PENNSYLVANIA PRACTICE 2d § 120:122 (West-Thompson Reuters 2018) (citing *Johnson v. Martofel*, 797 A.2d 945 (Pa. Super. 2002)) ("A writ of possession is simply the legal means for executing on a judgment of possession.").

Third, Merritts argues that the *Rooker-Feldman* Doctrine does not apply because his Complaint seeks only prospective relief—an injunction and declaratory relief.[3] (ECF No. 24 at 5.) This argument is unconvincing, however, because *Rooker-Feldman* applies when a party who lost in state court asks a federal court to undo the state-court ruling, regardless of the type of relief sought in federal court. *See Exxon Mobil Corp.*, 544 U.S. at 293. *Rooker-Feldman* does not apply if "the federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil Corp.*, 544 U.S. at 292-93). Here, Merritts's claim does not present an independent legal claim or ask

---

[3] In support of this argument, Merritts cites a Tenth Circuit decision and recent Third Circuit decision. Neither of these cases are on point here. In the portion of *Mo's Express, LLC v. Sopkin* that Merritts cites to, the Tenth Circuit held that *Rooker-Feldman* did not apply to the federal-court plaintiff's (state court loser's) equitable claims because those claims "requested only prospective injunctive and declaratory relief that would prevent the PUC from exercising jurisdiction over them in the future." 441 F.3d 1229, 1238 (10th Cir. 2006). *Rooker-Feldman* did not apply to these claims because "[t]he Plaintiffs . . . have not requested money damages that would compensate them for those penalties [that were the subject of the prior state-court ruling]. Nor have they requested retrospective relief that would invalidate any past action of the PUC." *Id.* This case is easily distinguishable because here, Merritts does not seek equitable relief to shield him from future action by PennDOT. Rather, Merritts seeks an injunction and declaratory relief that would undo the state-court decision on the original condemnation issue. Merritts also cites to the "pivotal case" *In re Philadelphia Enter. & Dev. Partners.* without further explanation. 879 F.3d 492, 500 (3d Cir. 2018). That case is wholly inapplicable here, however, because it dealt with a federal claim in bankruptcy court that would not have caused the federal court to void a state-court order. *Id.* at 503-04. But here, Merritts seeks relief that would entirely undo the state-court decision.

the Court to reach an independent legal conclusion. Rather, his due-process claim is inextricably intertwined with the issues addressed by the Court of Common Pleas and the Commonwealth Court. In essence, Merritts asks this Court to review the Commonwealth Court's judgment and undo it by declaring PennDOT's condemnation of his property to be unconstitutional. The type of relief sought does not affect these conclusions. Therefore, Merritts's federal claim is barred by *Rooker-Feldman* even though he only seeks equitable remedies.

Fourth, Merritts argues that "the *Rooker-Feldman* Doctrine would not apply in this case as the title to Mr. Merritts's land was granted by previous foreign nations." (ECF No. 24 at 6.) Merritts argues his land was originally conveyed by Pennsylvania's then-Governor Robert Morris in 1755, which prevents the government from condemning it through eminent domain. (*Id.*; ECF No. 3 at 8-10.) The Commonwealth Court rejected this argument in its thorough opinion, which recited the state and federal law bases for eminent domain and rejected Merritts's argument. (ECF No. 3-3 at 10-14.) The Court agrees with the reasoning in the Commonwealth Court's opinion and can find no other basis for the proposition that the *Rooker-Feldman* Doctrine does not apply to property disputes involving the "land of a superseded government." Under that rationale, all property disputes would be exempted from *Rooker-Feldman* so long as the land in question could be traced back to its pre-United States roots, which would be an absurd result. Therefore, the Court agrees with the Commonwealth Court's reasoning and rejects Merritts's argument.

In sum, the Court finds Merritts's arguments on *Rooker-Feldman* to be unpersuasive. Thus, the Court finds that its prior ruling was not manifestly unjust and will affirm its holding that the *Rooker-Feldman* Doctrine applies and precludes this Court from exercising subject-matter jurisdiction. Accordingly, Merritts's Motion is **DENIED** with respect to the Court's prior decision on *Rooker-Feldman*.

### B. Merritts Does Not Successfully Argue that the Court Improperly Abstained Under *Burford*

In its Memorandum Order and Opinion (ECF No. 18 at 9), the Court found that it should abstain from hearing Merritts's case under the *Burford* abstention doctrine. *See Burford*, 319 U.S. at 320-25. Under *Burford*, "a district court may decline to exercise or postpone jurisdiction, even diversity jurisdiction, 'where a difficult question of state law is presented which involves important state policies or administrative concerns.'" *Rucci v. Cranberry Twp.*, 130 F. App'x 572, 577 (3d Cir. 2005) (quoting *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982)).

Merritts argues that the Court erred by abstaining under *Burford* because it relied on non-precedential case law in reaching its decision. (ECF No. 24 at 8-9.) However, Merritts does not identify which cases in the Court's Memorandum Opinion were non-precedential. (*Id.* at 9.) Nor does Merritts point out which precedential cases the Court should have relied upon instead. (*Id.*) Regardless, this argument is unpersuasive because the Court relied on five opinions of the Supreme Court of the United States, six published

opinions of the Third Circuit Court of Appeals, and two district-court opinions in its Memorandum Opinion. (*See* ECF No. 18 at 8-11.)[4]

Additionally, Merritts makes two unrelated arguments regarding *Burford* abstention. First, Merritts asserts that *Burford* was overturned by *Quackenbush v. Allstate Ins. Co.* without additional support. 517 U.S. 706 (1996). While *Quackenbush* did distinguish *Burford*, it did not overturn it. *See* Lewis Yelin, *Burford Abstention in Actions for Damages*, 99 COLUM. L. REV. 1871, 1874-76 (1999) (explaining that *Quackenbush* held that federal courts can only remand and dismiss cases under *Burford* whenever a party seeks equitable relief, thereby clarifying procedural details of *Burford* abstention).

Second, Merritts similarly argues that *Burford* is inapplicable to cases where the federal-court plaintiff seeks only legal relief, instead of equitable relief. (ECF No. 24 at 9.) This argument, however, is inconsequential since Merritts only seeks equitable relief, as he points out elsewhere in his brief.

Accordingly, Merritts's Motion is **DENIED** with respect to the Court's prior decision on *Burford* abstention.

### C. Merritts Did Not Establish Subject-Matter Jurisdiction Under the Well-Pleaded Complaint Rule, Even as a Pro Se Litigant

Merritts argues that the Court has an obligation to construe Merritts's pleadings liberally, including his Notice of Removal to this Court (ECF No. 1), because Merritts was

---

[4] The Court cited the following Third Circuit opinions (see ECF No. 18 at 8-11), all of which are precedential: *Hamilton v. Bromley*, 862 F.3d 329, 331 (3d Cir. 2017); *Ky. W.V. Gas Co. v. Pa. Publ. Util. Comm'n*, 791 F.2d 1111, 1114 (3d Cir. 1986); *Hi Tech Trans, LLC v. N.J.*, 382 F.3d 295, 303 (3d Cir. 2004); *Baykeeper v. NL Indus., Inc.*, 660 F.3d 686 (3d Cir. 2011); and *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743 (3d Cir. 1982). The Court only cited one Third Circuit opinion that was non-precedential, *Rucci v. Cranberry Twp.*, 130 F. App'x 572 (3d Cir. 2005), and Court's conclusion did not depend on its analysis of *Rucci*.

a pro se litigant when he removed this case to federal court. (ECF No. 24 at 9.) The Court notes that pro se pleadings are generally construed liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, the Court cannot construe jurisdictional rules liberally in favor of pro se litigants. Jurisdiction is a prerequisite to a federal court hearing any case. The Supreme Court of the United States has held that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). Here, based on the Court's conclusions on the *Rooker-Feldman* and *Burford* issues, the Court does not have subject-matter jurisdiction. That conclusion is unaffected by the fact that Merritts was not represented by counsel when he removed his case to this Court.

In this section of his brief, Merritts adds that he was deprived of due process of law because the state court was unable to fairly adjudicate the eminent-domain issue. This argument is also unpersuasive. It is well-established that eminent domain is a "distinctly state-law matter." *Rucci*, 130 F. App'x at 577 (citing *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28-29 (1959)). "[S]ignificant state policies and administrative concerns underl[ie] a state's eminent domain proceedings." *Coles v. City of Phila.*, 145 F. Supp. 2d 646, 652 (E.D. Pa. 2001). "*Burford* abstention is usually applied to . . . state eminent domain procedures." *Rucci*, 130 F. App's at 578 (quoting *Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993)). Therefore, Merritts was not

deprived of due process solely because a state court decided the eminent-domain issues in his case.⁵

In sum, the Court finds that Merritts does not plausibly state a ground for reconsideration based on his pleadings, *Burford*, and his due-process arguments. Accordingly, the Motion is **DENIED** in these respects.

> D. **Merritts Did Not Have a Proper Basis for Removal, and Even if He Did, the Court Still Must Remand Because It Lacks Subject-Matter Jurisdiction Under *Rooker-Feldman* and *Burford***

Finally, Merritts argues that "removal was proper and timely which means that this court has jurisdiction." (ECF No. 24 at 14.)

Removal is proper on the basis of federal question jurisdiction "only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "It is not enough that a federal question is or may be raised as a defense. '[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 630 (D.N.J. 2009) (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002)).

Here, Merritts firstly argues that he was not put on notice that the case was removable until PennDOT filed its brief in the Commonwealth Court. (ECF No. 24 at 14.)

---

⁵ Merritts also seems to argue that he did not have an adequate opportunity to be heard in the lower court. (ECF No. 24 at 12.) But there is no factual foundation for this argument. As previously discussed, the Blair County Court of Common Pleas held oral argument, an evidentiary hearing, and accepted briefs on this issue. (*See* ECF No. 3 at 3.) Moreover, the Commonwealth Court also held oral argument. (*Id.* at 5.)

But Merritts does not identify what aspect of PennDOT's brief to the Commonwealth Court made this case removable. The only federal question—whether the eminent-domain proceedings violated the Fourteenth Amendment—appears only in Merritts's defense to PennDOT's condemnation suit, and not on the face of PennDOT's Complaint. (ECF No. 3 at 2.) And PennDOT's brief to the Commonwealth Court does not appear to raise a distinctly federal issue. Rather, it appears that Merritts raised the federal constitutional issue in the Commonwealth Court by arguing that PennDOT did not have the legal authority to condemn his property.[6] (ECF No. 3-3 at 15-18.) Accordingly, Merritts failed to sustain his burden to establish that the Court possesses subject-matter jurisdiction over his removal action.

Second, Merritts argues that "removal was proper because PennDOT acknowledged that the taking of the [Merritts's] property was in connection with federal funds, law, policy, and regulations, with 80% of the funding for this highway road project federal funds [*sic*] being provided by the Federal Highway Administration." (ECF No. 24 at 18.) But the involvement of federal funds in the highway condemnation is not addressed in PennDOT's Declaration of Taking (*see* ECF No. 3-2), and therefore does not resolve the well-pleaded complaint issue Merritts faces. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) (holding that a defendant may not establish jurisdiction based on a theory not advanced by the plaintiff in his complaint). Moreover, the involvement of federal funds in a case, by itself, is insufficient to establish federal

---

[6] The Court bases this statement on the Commonwealth Court's opinion, which states that "[o]n appeal, Condemnee [Merritts] argues that . . . the Commonwealth lacks the legal authority to exercise eminent domain to condemn Condemnee's property." (*See* ECF No. 3-3 at 2.) However, the parties' briefs to the Commonwealth Court are not part of the record in this Court.

question jurisdiction. *See Virgin Islands Housing Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 917 (3d Cir. 1994) ("Even if Coastal's complaint contained assertions respecting the use of federal funds in the construction project and the adoption of contractual forms authorized by HUD, federal question jurisdiction still would not be established.").

But even if removal here was proper, the Court would still refuse to hear the case because *Rooker-Feldman* and *Burford* apply. *Rooker-Feldman* bars federal-court jurisdiction whenever a state court has already heard an issue, regardless of whether the case could have been properly removed in the first place. *See Great W. Mining & Mineral Co.*, 615 F.3d at 159-63. And *Burford* allows district courts to decline to hear a case even where jurisdiction would otherwise be proper. *See, e.g., Rucci*, 130 F. App'x at 577.

Accordingly, the Court again finds that Merrits's removal to this Court was improper. The Court further concludes that even if removal was proper, it would still not hear the case because of *Rooker-Felman* and *Burford*. Therefore, the fourth argument in Merritts's Motion is unconvincing, and his Motion is **DENIED** in that respect.

### E. Conclusion

For the reasons stated above, the Court reaffirms that it lacks subject-matter jurisdiction over this case. Accordingly, Merritts's Motion for Reconsideration (ECF No. 24) is **DENIED**.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONDEMNATION BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, OF RIGHT-OF-WAY FOR STATE ROUTE 0022, SECTION 034, IN THE TOWNSHIP OF FRANKSTOWN | ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-57<br><br><br><br><br><br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 29th day of October, 2018, upon consideration of the Motion to for Reconsideration (ECF No. 24), and in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE